

F I L E D
APR 2 9 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**RONALD WAYNE LEWIS,**

     Plaintiff,

v.                                      Civil Action No. **3:10CV569**

**CHARLES DEMON LEWIS,** *et al.,*

     Defendants.

## MEMORANDUM OPINION

Ronald Wayne Lewis, a former federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

     This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

     "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v.*

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

In the present action, Plaintiff names as defendants the attorneys who represented him during his federal criminal proceedings: Charles DeMon Lewis, Kevin Michael Schork, and Paul G. Gill. Plaintiff contends Defendants were ineffective and guilty of malpractice. (Compl. 3.) Lewis demands monetary damages and requests the Court "impose sanction."[2] (*Id.* at 4.)

## Analysis

"In order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D.Va. May 13, 2010) (footnote omitted) (*citing Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Private attorneys and public defenders do not act under

---

[2] The Court has corrected the capitalization in the quotations to Plaintiff's complaint.

color of federal authority when they represent defendants in criminal proceedings. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or *Bivens*); *see also Bagguley v. Cogburn,* Nos. 89-7102, 89-7103, 1990 WL 139323, at *1 (4th Cir. Sept. 26, 1990). Accordingly, it is RECOMMENDED that the action be DISMISSED and that Plaintiff's motion for summary judgment (Docket No. 11) be DENIED.

(March 30, 2011 Report and Recommendation.) The Court advised Lewis that he could file objections within fourteen (14) days of the date of entry thereof. On April 4, 2011, Lewis filed his objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski,* 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber,* 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff's objection reads as follows:

Dear Clerk:

> This is my objection to the Report and Recommendation in the above case.

> Thank you

> Ronald Wayne Lewis.

(Obj. (capitalization corrected).) Plaintiff has not identified any deficiency in the Magistrate Judge's analysis. Accordingly, Plaintiff's objection will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, the action will be DISMISSED, and Lewis's motion for summary judgment (Docket No. 11) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-29-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge